# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CATLIN INSURANCE COMPANY (UK) LIMITED, as subrogee of AG WORLD INTERNATIONAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> CHINA SOUTHERN AIRLINES COMPANY, LTD. and CHINA INTEROCEAN TRANSPORT, INC., <br><br> Defendants. | No. 12 C 9394 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

In this suit, plaintiff seeks to hold defendant China Interocean Transport, Inc. ("Interocean") liable for breach of the Montreal Convention and breach of contract. Interocean has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the contract claim. For the reasons set forth below, the Court denies the motion.

## Facts

Plaintiff's insured, Ag World International Corp., hired defendant Interocean to transport 980 pigs from Illinois to China. (Compl. ¶ 10.) Interocean subcontracted with defendant China Southern Airlines Company Ltd. ("Southern") to transport the pigs, pursuant to a waybill that states: "Carriage is subject to the rules relating to liability established by . . . the Montreal Convention . .

. ." (*Id.* ¶ 11; *see* Interocean Crossclaim, Ex. 1, Air Waybill § 2.1.)[1] Interocean also gave Southern a "Declaration of Indemnity" that states:

> I, Undersigned, being the owner (on behalf of shipper AG World Int'l Corp.) of the above mentioned [pigs], hereby declare and agree not to hold liable [Southern], their agents and employees for possible death, injury or illness which may occur to the [pigs] during the above flight and after arrival at destination while in the custody of [Southern], and further agree to indemnify [Southern] for any expense which may be incurred in connection with the transportation of th[e] [pigs].

(Compl., Ex. D, Decl. of Indemnity). Ag World did not authorize Interocean to execute the Declaration or know that it had done so. (Compl. ¶ 36.)

180 pigs died during the Southern flight to China. (Compl. ¶¶ 13-14.) Plaintiff, as Ag World's subrogee, alleges that Interocean breached its contract with Ag World by giving Southern the Declaration of Indemnity. Interocean contends that the contract claim is preempted by the Montreal Convention.

## **Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Montreal Convention "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward." The Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal May 28, 1999, art. 1(1), 1999 WL 33292734, at

---

[1] A copy of this waybill is attached as Exhibit B to the complaint, but it is illegible.

*29. The Convention makes a carrier liable for damage or destruction of cargo if "the event which caused the damage . . . took place during the carriage by air." *Id.* art. 18(1), 1999 WL 33292734, at *34. Moreover, the Convention forbids carriers from contracting away this liability: "Any [contract] provision tending to relieve the carrier of liability or to fix a lower limit than that which is laid down in this Convention . . . shall be null and void." *Id.* art. 26, 1999 WL 33292734, at *37. However, it also limits a carrier's liability to the amounts set forth in the Convention: "[A]ny action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention . . . ." *Id.* art. 29, 1999 WL 33292734, at *38.

Neither the Supreme Court nor the Seventh Circuit has decided whether Article 29 preempts all state law claims relating to international air transportation. However, both courts have addressed the preemptive effect of the nearly-identical article of the Warsaw Convention, which provides that "any action for damages, however founded, can only be brought subject to the conditions and limits set out in this Convention." *See* Multilateral Convention for the Unification of Certain Rules Relating to International Transportation by Air, Concluded at Warsaw, October 12, 1929, art. 24(1), *available at* http://www.assa-int.org/_Uploads/dbsAttachedFiles/WarsawConvention1929.pdf ; *see also Kruger v. United Air Lines*, No. C 06-04907 MHP, 2007 WL 3232443, at *3 (N.D. Cal. Nov. 1, 2007) ("[C]ourts interpreting the Montreal Convention routinely rely on existing case law under the Warsaw Convention interpreting similar provisions.").

In the Supreme Court case, a passenger sued an airline under state law for emotional injury she sustained as a result of "an intrusive security search." *El Al Israel Airlines v. Tseng*, 525 U.S. 155, 160 (1999). Emotional injury is not actionable under the Warsaw Convention. *Id.*

3

Consequently, the airline argued, allowing a passenger to sue under state law for such injuries would violate Convention Article 24, which states that damages claims "can only be brought subject to the [Convention's] conditions and limits." *Id.* at 167-68. Plaintiff argued that, because she was seeking emotional damages under state law, not the Convention, her claim did not contravene the Convention's terms, and thus was permissible under Article 24. *Id.* Noting that the Convention's purpose was to create a uniform set of rules for claims arising out of international air transit that balanced the interests of both passengers and airlines, the Court agreed with defendant: "[W]e hold that the Warsaw Convention precludes a passenger from maintaining an action for personal injury damages under local law when her claim does not satisfy the conditions for liability under the Convention." *Id.* at 176.

In the Seventh Circuit case, the subrogee of a shipper whose cargo was damaged in flight and had settled before trial with two of the three responsible parties argued that the set off claim asserted against it by the remaining tortfeasor was preempted by the Warsaw Convention. *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 778-79 (7th Cir. 2008). The court disagreed because: (1) Convention Article 24 expressly states that "an action may be brought in contract or in tort"; (2) *El Al* holds that the Convention only "preempts local law causes of action to the extent they are inconsistent with the Convention"; and (3) the state-law set off claim at issue in the case was consistent with the Convention. *Id.* at 781-86; *Giannopoulos v. Iberia Lineas Aereas de Espana, S.A.*, No. 11 C 775, 2011 WL 3166159, at *4 (N.D. Ill. July 27, 2011) (holding that passengers' contract claim for damages caused by flight delay was consistent with, and thus not preempted by, the Montreal Convention, which makes airlines liable for damages due to avoidable delays); *see Polinovsky v. Deutsche Lufthansa, AG*, No. 11 C 780, 2012 WL 1080415, at *4 (N.D.

4

Ill. Mar. 30, 2012) (same). In accordance with the reasoning of these cases, plaintiff's contract claim is preempted by the Montreal Convention only if it is inconsistent with the Convention's provisions.

Plaintiff alleges that Interocean breached its contract with Ag World by giving Southern the Declaration of Indemnity, which purports to relieve Southern of all liability to Ag World, without Ag World's knowledge or consent. (Compl. ¶¶ 35-38.) That claim is consistent with the Convention, which makes Interocean and Southern liable for cargo damage that occurs during "the carriage . . . [they] perform[]" and renders "null and void" any contract provision "tending to relieve [them] of liability." Montreal Convention, art. 18(1), 26, 39-41. As a result, the Convention does not preempt the contract claim, but its provisions can be asserted as affirmative defenses to "ensure that [defendants] are only subject to liability as allowed by the Convention." *Giannopoulos*, 2011 WL 3166159, at *4; *see Sompo*, 522 F.3d at 785 (stating that because Article 24 of the Warsaw Convention "expressly contemplates that an action may be brought in contract or in tort[,]" its "liability limitation provisions . . . simply operate as an affirmative defense").

## Conclusion

For the reasons set forth above, the Court denies Interocean's motion to dismiss [9].

**SO ORDERED.**                                                     **ENTER: March 15, 2013**

*Ronald A. Guzman*

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**

5